**UNITED REFINING COMPANY, Plaintiff,**

v.

**DEPARTMENT OF ENERGY and Charles W. Duncan, Secretary of Energy, Defendants.**

Civ. A. No. 79–144 Erie.

United States District Court, W. D. Pennsylvania.

Feb. 25, 1980.

William L. Standish, James Hardie, Reed, Smith, Shaw & McClay, Pittsburgh, Pa., Daniel Joseph, Warren E. Connelly, Joseph T. Casey, Jr., Betty Leach, Akin, Gump, Hauer & Feld, Washington, D. C., for plaintiff.

John P. Garhart, Asst. U. S. Atty., Erie, Pa., Nancy M. Floreen, Atty., Dept. of Justice, Washington, D. C., for defendants.

MEMORANDUM OPINION

WEBER, Chief Judge.

It is very enticing for a judge facing what threatens to be a long and voluminous lawsuit to be asked to defer action and stay the proceedings in this court pending the resolution of the same or similar issues by another judge in another court. Because we are conditioned by the frequent reporting of case management statistics, we tend to salivate, as did Pavlov's dogs, when the words "judicial economy" are mentioned. On the other hand we also experience an increase of tension when we are informed that action in other courts has been stayed pending our resolution of the asserted common issue. And finally, our attempts to achieve judicial economy by the resolution

of a common issue are usually frustrated by astute counsel who can always point to a factor that distinguishes our findings from the issues in the other case.

The Department of Energy here calls the court's attention to the pendency of *Coastal States Gas Corp. v. Duncan*, Civil Actions Nos. 78–549 and 78–550 in the District of Delaware, where the fictitious recovery rule is at issue as it is here. We are also advised that DOE's application for a stay in *Mobil Oil Corp. v. DOE*, Civil No. 79–CV–11 (N.D. N.Y.) was made in that court on the same grounds as here, and was denied without prejudice.

This court attempted to explain to counsel at the preliminary status conference in this case held on November 20, 1979 its approach to consideration of this case. It foresaw a long period of trial preparation, very extensive discovery and a long trial on the merits of the plaintiff's claims. This conference was called prior to the filing of DOE's responsive pleading so that the court might get some initial view of the prospects and the court requested that any discovery be withheld until the DOE responded because its response might raise an issue that would be dispositive of the case without consideration of the merits. DOE complied by a motion to dismiss for failure to exhaust administrative remedies. This was denied and DOE has filed its Answer and this motion to stay.

We do not in any way wish to appear to dictate the method by which the parties intend to prepare and try their case but we will attempt to exercise such judicial control as may lead to some judicial economy and efficiency. As we see the future progress of this case we must sooner or later face the issue raised by plaintiff that the amendments to the refiner price rules promulgated at 10 C.F.R. 212.83(d)(1) and (2) are substantively and procedurally invalid. We believe on the scant information provided in the briefs of counsel that the *Coastal States* litigation is now enmeshed in discovery proceedings, as outlined in fn. 2 of p. 2 of Defendant's brief on the present motion. Whether or not there is any possi-

bly dispositive motion before the Delaware Court we are unable to determine. We do not know upon what basis it is alleged that the *Coastal States* litigation is well advanced. As of January 1980 the Delaware Court heard arguments on Plaintiff's Motion to Compel Discovery, apparently concerning plaintiff's First Set of Interrogatories and Request for Production of Documents which were served January 31, 1979. The year 1979 was spent performing the intricate figures of the discovery contradance. We note that plaintiff's Second Set of Interrogatories and first request for admissions were filed on December 31, 1979.

It will be this court's intention to identify individual issues and proceed to early and separate consideration of those which may be wholly or partially dispositive of the litigation.

We are unable at this time to draw any parallel between the present case and *Lakes Gas Co. v. DOE*, 477 F.Supp. 187 (D.Minn. 1979), but we see in that case an example of procedural treatment that may be of some value here. The procedural validity of the administrative rule was directly attacked and quickly determined in that court. Whether or not it may be done in the present case without extended discovery proceedings is a matter into which we intend to inquire.

For the present we will deny the DOE's Motion to Stay. Such denial is without prejudice to its renewal upon a then existing state of facts warranting further consideration. This denial is based on the following reasons:

The parties to the *Coastal States* litigation are not identical with those here. We find no substantial hardship or inequity imposed on the DOE in pursuing both actions. The material produced by DOE on discovery there may satisfy to a considerable extent what the plaintiff may seek here. We understand that a similar proposal was advanced by Judge Munson in *Mobil Oil Corp. v. DOE* in the Northern District of New York. We think the parties can agree on some coordination of discovery between the cases, and the court is always open for

consideration of an appropriate protective order.

Far more important than the hardship to the government is the burden placed on plaintiff. It has brought suit in the forum available to it under the venue statutes, it has a right to have its case proceed. The alternatives suggested by DOE are less than satisfactory, some type of intervention or *amicus curiae* application on appeal of the *Coastal States* case. This would necessitate the plaintiff's being bound by a record over which it had no control.

It is obvious that the present plaintiff faces serious and continuous problems under the DOE's rules. Its corporate pricing decisions will remain in a state of uncertainty, it faces civil penalties, overcharges and interest costs until this litigation is determined. From our view of *Coastal States*, that litigation is not well advanced, and it would be unfair to United Refining Company to stay its action pending the resolution of that case.

In so denying a stay we do not intend to abandon judicial control over the present case. United Refining indicates that it is ready to file its discovery requests immediately after the court rules in its favor on this motion. The court desires to see some program put into effect on the discovery, and in particular to ascertain whether the discovery will be relevant to the particular issues raised and the order in which they are raised. For that purpose we will order a stay on any discovery until after a conference between the court and counsel for planning the order of discovery.